******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SIDNEY PARKER *v.* COMMISSIONER
OF CORRECTION
(AC 37796)

DiPentima, C. J., and Lavine and Pellegrino, Js.

*Argued October 19—officially released November 22, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Bright, J.)

*Cheryl A. Juniewic*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with
whom, on the brief, were *David S. Shepack*, state's
attorney, and *Kelly A. Masi* and *Angela R. Macchiarulo*,
senior assistant state's attorneys, for the appellee
(respondent).

*Opinion*

PER CURIAM. The petitioner, Sidney Parker, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion by denying certification to appeal from the judgment denying his petition for a writ of habeas corpus and (2) improperly concluded that his criminal counsel had not rendered ineffective assistance by advising him to plead guilty. We dismiss the appeal.

On August 9, 2010, in the judicial district of Litchfield, the petitioner pleaded guilty pursuant to the *Alford* doctrine[1] to one count of sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70 for crimes he committed in Torrington on December 20, 2009.[2] On September 3, 2010, the petitioner was sentenced to eight years of incarceration followed by seven years of special parole. On September 7, 2012, the petitioner filed a petition for a writ of habeas corpus. He amended his petition on July 1, 2014, alleging that his trial counsel rendered ineffective assistance with respect to his *Alford* plea.[3] Following a trial held on September 10, 2014, the habeas court denied the petition for a writ of habeas corpus and subsequently denied the petition for certification to appeal.

We first set forth the standard of review we apply to a claim that the habeas court abused its discretion by denying certification to appeal from a judgment denying a petition for a writ of habeas corpus. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petition must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; internal quota-

tion marks omitted.) *Moye* v. *Commissioner of Correction*, 168 Conn. App. 207, 214–15,    A.3d    (2016).

We have examined the record and the briefs, considered the arguments of the parties, and are persuaded that the habeas court properly denied certification to appeal. The habeas court's thoughtful memorandum of decision fully addresses the arguments raised in this appeal, and we adopt it as a proper statement of the facts and the applicable law on those issues. See *Parker* v. *Commissioner of Correction*, 169 Conn. App. 424,    A.3d    (2015) (appendix). "It would serve no useful purpose for us to repeat the discussion contained therein." (Internal quotation marks omitted.) *Torrice* v. *Commissioner of Correction*, 55 Conn. App. 1, 2, 739 A.2d 270 (1999).

The appeal is dismissed.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] At approximately the same time, a number of drug related charges and violation of probation charges were pending against the petitioner in the judicial district of Waterbury.

[3] The petitioner alleged a second count of ineffective assistance by different counsel with respect to charges to which he pleaded guilty in the judicial district of Waterbury. See footnote 2 of this opinion. The sentences on the Litchfield conviction and the Waterbury conviction are running concurrently. The petitioner withdrew the second count of his amended petition for a writ of habeas corpus prior to the habeas trial.